UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANET CHLENTZOS-WILLIAMS,<br><br>                 Plaintiff,<br>v.<br><br>BURIEN/KING COUNTY DISTRICT COURT,<br><br>                 Defendant. | Case No. 3:21-cv-05563-RJB<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for October 8, 2021 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis*. Dkt. 1.[1] Because plaintiff's complaint fails to state a claim, it should be dismissed with leave to amend. In the alternative, if the Court determines the complaint states a claim for relief, IFP status should still be denied because plaintiff's application indicates she has sufficient income with which to pay the $400.00 filing fee.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). A complaint is frivolous when it has no arguable

---

[1] Plaintiff has also filed two other complaints and requests consolidation.

REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS - 1

basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 549 (9th Cir. 1988).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, the Court should normally give plaintiff notice of the deficiencies of his or her complaint and allow plaintiff to amend the complaint prior to dismissal. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)). Moreover, the court need not grant endless amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed").

In this case, plaintiff alleges the King County District Court in Burien, Washington violated her civil rights. Dkt. 5, Amended Complaint. She asserts that monetary damages should be awarded because the clerk of the King County District Court refused to present four cases to the Judge of the District Court in Burien. *Id.* at 5.

Although King County may be sued for a civil rights violation under 42 U.S.C. § 1983, to prove that a local government entity would be liable, a plaintiff must show the

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 2

local government entity itself violated their federal constitutional or statutory rights, or that it directed its employee(s) to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The focus of a civil rights complaint against a local government entity is on the "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the local government] Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). To sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation they suffered was the result of a custom or policy of the local governmental unit. *City of St. Louis v. Praprotnik*, at 121. Plaintiff would also need to show that a deliberate policy, custom, or practice of the local government was the moving force behind the constitutional violation that plaintiff suffered. *Gravelet-Blondin v. Shelton,* 728 F.3d 1086, 1096 (9th Cir. 2013). Plaintiff's complaint contains no such allegations against King County. Dkt. 5.

In the alternative, if the Court finds that plaintiff's complaint should not be dismissed, she should be required to pay the filing fee. By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because she allegedly is unable to afford the costs necessary to proceed with his cause of action.

Plaintiff indicates she is receiving ongoing Social Security Disability Insurance Benefits, and retirement benefits. Dkt 1, Application for IFP, at 1.

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3

1   Because plaintiff's complaint fails to state a claim, this Court should deny IFP and
2   dismiss the Amended Complaint (Dkt. 5) with leave to amend.
3   In the alternative, because it is reasonable for plaintiff to incur the costs to
4   proceed with this cause of action, the undersigned recommends that if the Amended
5   Complaint is not dismissed, the Court should nevertheless deny the application to
6   proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the
7   Court order plaintiff to pay the required filing fee **within thirty (30) days** of the Court's
8   order, if the Amended Complaint is not dismissed.
9   Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
10  directed set this matter for consideration on **October 8, 2021**, as noted in the caption.
11  Dated this 29th day of September, 2021.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 4